UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LAURA KAMPSTRA,**

      **Plaintiff,**

v.                          Case No: 6:22-cv-773-PGB-EJK

**MATTHEW POND, STEVE
KOUBEK, BRANDON EDER,
EVAN JONES, JOSEPH AIANI,
ALEXANDER SUDMAN,
MAURIZO IERVASI, and CITY OF
MELBOURNE, FLORIDA,**

      **Defendants.**

## ORDER

This cause comes before the Court without oral argument on the Individual Defendants' Short-Form Discovery Motion for Protective Order (the "Motion") (Doc. 49), filed October 28, 2022. Plaintiff responded in opposition on November 3, 2022. (Doc. 50.) Upon consideration, the Motion is due to be granted in part and denied in part, as set forth herein.

### I.  BACKGROUND

Plaintiff, Laura Kampstra, as personal representative of the estate of her deceased spouse, Richard Kampstra, brings this Fourth Amendment action for excessive force, 42 U.S.C § 1983, against seven City of Melbourne, Florida, police officers (the "Individual Defendants") seeking damages—including punitive damages. (Doc. 22.) Plaintiff also brings a state law wrongful death claim against the City of

Melbourne. (*Id.*) Both the Individual Defendants and the City of Melbourne have filed motions to dismiss, which are pending before the Court. (Docs. 33, 37.) The Individual Defendants seek dismissal, in part, due to qualified immunity. (Doc. 33.)

In the present Motion, the Individual Defendants seek a protective order protecting them from providing an answer to Interrogatory No. 10, which states as follows:

> For punitive damages purposes, please estimate your net financial worth (1) at the time of the occurrence and (2) a supplemented answer no later than thirty days prior to the close of discovery. Please describe how that net worth has been calculated by providing a balance sheet of all assets greater than $2,500 USD (including a description of any ownership of stock, mutual funds, real estate, etc.) and including all liabilities.

(Doc. 49-1 at 3.)

In the Individual Defendants' Local Rule 3.01(g) certification, Plaintiff conceded that Plaintiff is not entitled to financial information "at the time of the occurrence" and asks that the Interrogatory be modified to request current financial information. (Doc. 49 at 4.) The parties also agree that they have a duty to supplement pursuant to Rule 26(e), thereby rendering the second portion of the Interrogatory moot. (*Id.*) Plaintiff's counsel also indicated that this information may be marked "Confidential Information - Attorneys' Eyes Only" or subject to a confidentiality order. (*Id.*)

## II. STANDARD

Federal Rule of Civil Procedure 26(c) permits a court, for good cause, to enter a protective order limiting discovery in an action. Fed. R. Civ. P. 26(c). When deciding whether "good cause" exists for a protective order, courts balance the non-moving party's interest in receiving the documents against the moving party's interest in keeping the information confidential. *See Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985); *Popoli v. Ft. Myers Lodge #1899 Loyal Order of Moose, Inc.*, No. 2:15-cv-311-FtM-29CM, 2015 WL 9031929, at *4 (M.D. Fla. Dec. 16, 2015).

## III. DISCUSSION

Here, the Individual Defendants argue that the information sought in Interrogatory No. 10 is not relevant and invades their privacy. (Doc. 49 at 2.) The Court addresses each argument in turn.

First, as to relevance, the Individual Defendants argue that their financial status "has no bearing on whether punitive damages should be imposed." (*Id.*) Specifically, they assert that punitive damages can be awarded only after compensatory damages have been awarded and the conduct warrants the imposition of further sanctions. (*Id.*) Since we are not at that point in the litigation, such discovery is premature. (*Id.*) However, this argument is not persuasive. There has been no bifurcation of issues that would allow the Individual Defendants to defer such discovery. Moreover, Plaintiff has asserted a claim for punitive damages, and therefore, the information sought is relevant and discoverable in this § 1983 action. *Smith v. Wade*, 461 U.S. 30, 56 (1983)

(stating that in order to receive punitive damages in § 1983 actions, a plaintiff must show that the defendant's conduct was "motivated by evil motive or intent" or involved "reckless or callous indifference to the federally protected rights of others"); *In re: Fiddler's Creek, LLC*, No. 2:14-cv-379-FtM-29CM, 2016 WL 3906927, at *2 (M.D. Fla. July 19, 2016) ("Financial net worth discovery is relevant to a claim for punitive damages . . . ."); *Lane v. Cap. Acquisitions*, 242 F.R.D. 667, 669–70 (S.D. Fla. 2005) (holding that financial records are relevant to the issue of punitive damages and citing persuasive case law finding same).

Next, the Individual Defendants argue that, even if the financial records are relevant, Plaintiff seeks an invasive level of detail in Interrogatory Number 10 that rises to the level of harassment. (Doc. 49 at 3.) These Defendants concede that wealth is a factor in the determination of punitive damages but argue that the assets that make up such wealth are not. (*Id.*) "[T]he scope of financial discovery [is] within the discretion of the court." *Fiddler's Creek*, 2016 WL 3906927, at *4. Upon review of Interrogatory No. 10, the Court does not find what essentially amounts to a request for a personal balance sheet listing assets and liabilities to be harassing. On the contrary, courts addressing the scope of financial net worth discovery have found the type of information sought here to be permissible. *See, e.g.*, *id.* at *6; *Hamm v. Potamkin*, No. 98 CIV. 7425(RWS), 1999 WL 249721, at *3 (S.D.N.Y. Apr. 28, 1999) (finding that an affidavit containing the defendants' assets, liabilities, and total net worth was sufficient); *Hazeldine v. Beverage Media, Ltd.*, No. 94 CIV. 3466(CSH), 1997 WL 362229, at *4 (S.D.N.Y. June 27, 1997) (holding the defendant "need only produce a

financial affidavit in the form of a personal balance sheet listing his assets and liabilities"). Therefore, the Court will not alter the scope of Interrogatory No. 10 on this basis.

Finally, the Individual Defendants state that the disclosure of the information sought here is premature because they have moved for dismissal on the grounds of qualified immunity, and that motion remains pending with the Court. (Doc. 49 at 3.) When a defendant raises the issue of qualified immunity, as here, "it may be appropriate to stay discovery until resolution of that motion because qualified immunity 'is an *immunity from suit* rather than a mere defense to liability.'" *Iqbal v. Dept. of Justice*, No. 3:11-cv-369-37JBT, 2013 WL 3903642, at *1 (M.D. Fla. July 29, 2013) (internal citations omitted). Indeed, courts in the Middle District have stayed discovery pending resolution of a qualified immunity defense raised in a motion to dismiss. *Id.* at *2; *McClamma v. Remon*, No. 8:12-cv-2557-T-33MAP, 2013 WL 1502190, at *2 (M.D. Fla. Apr. 12, 2013); *Berry v. Canady*, No. 2:09-cv-765-FtM-29SPC, 2011 WL 806230, at *1 (M.D. Fla. Mar. 2, 2011).

Here, the undersigned finds it appropriate, given the personal nature of the financial discovery sought, and the assertion of the qualified immunity defense, to toll the response deadline for Interrogatory No. 10 until after the Court rules on the Individual Defendants' motion to dismiss. The discovery deadline is not until August 1, 2023. (Doc. 24.) Therefore, if the Court denies the Individual Defendants' motion to dismiss (Doc. 33), they shall answer Interrogatory No. 10 within 14 days of that order.

## IV. CONCLUSION

Accordingly, is it hereby **ORDERED** that the Individual Defendants' Short-Form Discovery Motion for Protective Order (Doc. 49) is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Interrogatory No. 10 is modified to request current financial information (not financial information at the time of the occurrence).

2. The Individual Defendants need not serve their answers to Interrogatory No. 10 to Plaintiff, unless and until the Court denies their motion to dismiss. (Doc. 33.) In that event, the Individual Defendants **SHALL** answer Interrogatory Number 10 **within 14 days of the Court denying the Individual Defendants' motion to dismiss**.

3. To the extent they have not already done so, the parties shall engage in a good faith effort to enter into a written agreement protecting the confidentiality of the Individual Defendants' answers to Interrogatory No. 10. (*See* Doc. 24 at 6, § I.F.)

**DONE** and **ORDERED** in Orlando, Florida on November 28, 2022.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE